HAWKINS, APPELLANT, *v.* DOLLISON, REGISTRAR, APPELLEE.

(No. 77AP-806—Decided February 23, 1978.)

*Mr. Carl T. Wolfrom,* for appellant.
*Mr. John L. Francis,* city attorney, *Mr. Robert A. Bell, Mr. Frederion L. Berkemer* and *Ms. Sally B. Anthony,* for appellee.

McCORMAC, J. Plaintiff filed a petition in Franklin County Municipal Court requesting a hearing that he may show cause why his driving privileges should not be suspended for six months after he received a notice of a suspension from the Bureau of Motor Vehicles. The letter to him from the Bureau of Motor Vehicles stated that an affidavit had been filed with them by the arresting officer, certifying that on May 28, 1977, the officer had reasonable grounds to believe that appellant was operating a motor vehicle while under the influence of alcohol, that he was placed under arrest for the offense, that he refused to submit to a chemical test after being requested to do so by the officer, and that he was advised of the consequences of the refusal.

A copy of the notification of refusal to submit to a chemical test was filled out and signed by the arresting officer, under oath, on a form supplied by the Bureau of

184

Motor Vehicles. At the bottom of the form is the following language:

"Report and Affidavit of Arresting Officer: State of Ohio, County of —————————SS:

"I, hereby certify that I have placed the above referenced person under arrest, having had reasonable grounds to believe that this person was operating a motor vehicle upon the public highways in this state while under the influence of alcohol. I further certify that this person did refuse to submit to the designated (*insert type test-blood, breath or urine*) *urine* chemical test when requested to do so after having been advised, in the prescribed manner, of the consequences of his or her refusal.

Arresting Officer *J. Mignose    309*
                                             Signature

"Sworn to before me this *28* day of *May* A. D., *1977*

"Notary Public ————————————————
        OR

"Deputy Clerk of Court    */s/ (illegible)* City of ——"

As is noted from the affidavit, it was apparently signed by a Deputy Clerk of Courts. The county, city or court is not identified, although the arresting officer is identified as being a C. P. D. officer (apparently Columbus Police Department).

Based solely on this evidence, the case was submitted to a referee who recommended a judgment for appellee. The trial court overruled objections to the report of the referee and entered a judgment in accordance with the recommendations of the referee.

From the judgment of the trial court, an appeal has been taken, setting forth the following assignments of error:

1. "Section 4511.19.1 of the Ohio Revised Code requires a sworn statement of the officer alleging a refusal on the part of a person suspected of driving under the influence of alcohol before such person's driver's privileges may be suspended by the Bureau of Motor Vehicles."

2. "Venue is a necessary part of an affidavit; the purported report of the arresting officer herein is defective

for its failure to state venue and is not a sworn state-ment.''

The assignments of error will be combined for dis-cussion, as they are interrelated.

R. C. 4511.191, as pertinent, provides as follows:

''(D) If a person under arrest for the offense of driv-ing a motor vehicle while under the influence of alcohol refuses upon the request of a police officer to submit to a chemical test designated by the law enforcement agency as provided in division (A) of this section, after first hav-ing been advised of the consequences of his refusal as provided in division (C) of this section, no chemical test shall be given, but the registrar of motor vehicles, upon the receipt of a sworn report of the police officer that he had reasonable grounds to believe the arrested person had been driving a motor vehicle upon the public high-ways in this state while under the influence of alcohol and that the person refused to submit to the test upon the re-quest of the police officer and upon the receipt of the form as provided in division (C) of this section certifying that the arrested person was advised of the consequences of his refusal, shall suspend his license or permit to drive, or any nonresident operating privilege for a period of six months, subject to review as provided in this section; or if the person is a resident without a license or permit to op-erate a motor vehicle in this state, the registrar shall deny to the person the issuance of a license or permit for a per-iod of six months after the date of the alleged violation.''

The only defect alleged to exist in the forms submitted to the registrar of motor vehicles is that there was no sworn report of the police officer, since the qualifications of the person administering the oath do not appear on the face of the affidavit. The person administering the oath is described as Deputy Clerk of Courts, but the court is not identified nor is the county where the oath administered set forth.

R. C. 147.51(D) provides that a Deputy Clerk of any court of record in the place in which the notarial act is performed may administer oath, which notary publics of

the state are authorized to perform. R. C. 147.52 provides as follows:

"(A) If the notarial act is performed by any of the persons described in divisions (A) to (D) of section 147.51 of the Revised Code, other than a person authorized to perform notarial acts by the laws or regulations of a foreign country, the signature, rank, or title and serial number, if any, of the person are sufficient proof of the authority of a holder of that rank or title to perform the act. Further proof of his authority is not required. * * *

"(D) The signature and title of the person performing the act are prima-facie evidence that he is a person with the designated title and that the signature is genuine."

If the Deputy Clerk in the instant case administered the oath in Franklin County and he is a Deputy Clerk of the Franklin County Municipal Court, he has authority to so administer the oath. However, since his complete title is lacking in that the court where he is a Deputy Clerk is not identified and the place of administering the oath is not set forth, the affidavit itself does not constitute prima facie evidence that the person administering the oath to the arresting officer had the power to do so.

Thus, the affidavit on its face is defective and does not constitute prima facie evidence that the person administering the oath was authorized to do so. However, R. C. 4511.191, the implied consent statute, is liberally construed in the interest of public safety to promote the statutory remedies of suspending those drivers who failed to comply with the statute. See *Andrews v. Turner* (1977), 52 Ohio St. 2d 31. R. C. 4511.191 requires a sworn statement and that requirement is satisfied if the oath of the arresting officer has been administered by a person who is properly qualified even if the attestation is incomplete. If appellee is able to prove by other evidence that a properly qualified person administered the oath to the arresting officer, the affidavit is sufficient even though incomplete on its face.

Appellant's assignments of error are sustained. The judgment of the trial court is reversed and the case is remanded to the trial court for further procedure consistent with this decision.

*Judgment reversed.*

HOLMES, P. J., and WHITESIDE, J., concur.