THE STATE OF OHIO, APPELLEE, *v.* GREEN, APPELLANT.

(No. 1892—Decided September 12, 1988.)

*John Plough,* prosecuting attorney, and *Kenneth Bailey,* for appellee.

*Antonios Scavdis,* for appellant.

CHRISTLEY, J. On March 23, 1987, defendant-appellant Ronald E. Green was charged with disorderly conduct, R.C. 2917.11(B)(2), and menacing, R.C. 2903.22. On August 10, 1987, in the Ravenna Municipal Court, appellant pleaded "no contest" to the charge of disorderly conduct and the court dismissed the charge of menacing. The court found appellant guilty and sentenced him to three days' incarceration and a fine of $100 plus court costs. On September 8, 1987, the court issued a stay order. On September 8, 1987, appellant timely filed this notice of appeal. There is no showing that the fine has been paid or that this case is moot.

Appellant argues in his first assignment that the trial court erred when it sentenced the appellant to a term of incarceration for a minor misdemeanor.

Following the oral hearing in this matter, the parties submitted a written stipulation to this court that the appellant was convicted of a minor misdemeanor. If there were no other grounds for reversal in this matter, this court could simply delete the jail time and affirm the judgment as modified. However, that is not the case because of the second assignment of error.

In his second assignment of error, appellant argues that the complaint was defective because it was not made "under oath."

Pursuant to Crim. R. 3, a complaint must be "* * * made upon oath before any person authorized by law to administer oaths."

An inspection of the complaint shows that although the charging officer signed the complaint, he did not sign the jurat.

There is therefore no criminal complaint because of the failure to comply with Crim. R. 3. Under *State* v. *Coldwell* (1982), 3 Ohio App. 3d 283, 3 OBR 328, 445 N.E. 2d 257, such a complaint

is void and any conviction resulting therefrom would be void also.

For an excellent discussion of the proposition that the filing of a valid affidavit is a necessary prerequisite to a court's acquiring jurisdiction, see *South Euclid* v. *Samartini* (M.C. 1965), 5 Ohio Misc. 38, 31 O.O. 2d 87, 204 N.E. 2d 425.

The judgment of the trial court in this matter is therefore reversed, final judgment is entered for appellant and the charge against the appellant is hereby dismissed.

*Judgment accordingly.*

FORD, P.J., and COOK, J., concur.