**VILLAGE OF NEW ALBANY, Appellee,**

**v.**

**DALTON, Appellant.**

[Cite as *New Albany v. Dalton* (1995), 75 Ohio App.3d 307.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 94APC09–1285.

Decided May 30, 1995.

*Ronald J. O'Brien,* City Prosecutor, and *Brenda J. Keltner,* Assistant City Prosecutor; and *Brent J. Patterson,* for appellee.

*David K. Greer,* for appellant.

PETREE, Judge.

This is an appeal from judgments of conviction and sentence rendered against defendant, Woodrow A. Dalton, in the Franklin County Municipal Court upon violations of three ordinances of the village of New Albany: Section 636.02, Assault; Section 648.04, Disorderly Conduct; and Section 438.04, Tail Light; Illumination of Rear License Plate. Defendant presents two assignments of error for our review:

"I. The trial court denied appellant due process of law under the Fourteenth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution in assuming jurisdiction over the assault and disorderly conduct complaints, which were not properly executed in violation of Criminal Rule 3.

"II. The trial court erred to the prejudice of appellant in overruling his motion to suppress evidence."

New Albany Police Officer Kenneth Hamilton issued assault and disorderly conduct complaints against defendant, pursuant to New Albany Village Ordinances 636.02 and 648.04, respectively. He also issued defendant a traffic citation for violation of village Ordinance 438.04, Tail Light; Illumination of Rear License Plate. Defendant pled not guilty; all charges were subsequently transferred from New Albany Mayor's Court to the Franklin County Municipal Court.

Defendant filed a motion to suppress evidence on July 13, 1994, contending that Officer Hamilton lacked an articulable, reasonable suspicion to justify the stop of his vehicle.

At the suppression hearing held on August 12, 1994, Officer Hamilton testified that, on April 19, 1994, at approximately 4:30 a.m., he entered an Omega gas station located at the intersection of Routes 62 and 161 in New Albany. Defendant was just leaving the store. The gas station attendant approached Officer

Hamilton and told him that he thought defendant might be impaired because he had requested a $500 cash advance on his credit card. When pressed for details, the attendant could not say that defendant looked impaired or that he smelled alcohol on defendant's breath, only that his whole demeanor was "very off." Based on the information supplied by the attendant, Officer Hamilton left the store to find defendant.

While following defendant's truck, Officer Hamilton did not notice anything about defendant's driving to indicate impairment. Defendant was driving slowly; however, this was not considered unusual considering the early morning hour. Officer Hamilton did notice, however, that he was unable to read defendant's rear registration plate from a distance of "three or four car lengths."

Officer Hamilton pulled defendant over to investigate the license plate light. After defendant exited his vehicle, he approached Officer Hamilton in a threatening manner. Officer Hamilton thought defendant might be impaired because defendant was swaying back and forth and his eyes were bloodshot; however, he did not detect any odor of alcohol. Officer Hamilton asked defendant to perform a field sobriety test; however, the test was never completed due to defendant's erratic behavior. Although Officer Hamilton felt that defendant was impaired in some way, he did not cite defendant for driving under the influence of drugs or alcohol.

The trial court overruled defendant's motion to suppress, finding that Officer Hamilton had reasonable suspicion to stop defendant for the license plate light violation.

Only the assault charge was tried to a jury; the other charges were tried to the court. Defendant's case went to trial on August 17, 1994. Officer Hamilton testified briefly as to his conversation with the Omega gas station attendant. This testimony was consistent with his testimony offered at the suppression hearing. He further stated that he pulled defendant over because he could not read defendant's rear registration plate from a distance of fifty feet. His testimony regarding the ensuing encounter with defendant was similar to that given at the hearing on the motion to suppress.

Defendant was found guilty of all three offenses. After the jury was discharged, defendant orally moved to dismiss the assault and disorderly conduct complaints on the basis that they were not properly executed in violation of Crim.R. 3 and therefore the trial court's jurisdiction was never invoked. The motion was overruled. This appeal followed.

■ By the first assignment of error, defendant raises a jurisdictional question regarding the failure of the charging officer to supply a properly attested, signed and sworn jurat with the short form complaints issued on the disorderly conduct

and assault charges. Specifically, defendant argues that the criminal complaints filed by Officer Hamilton were not properly executed in accordance with Crim.R. 3, as they were not made "under oath."

Pursuant to Crim.R. 3, a complaint must be "made upon oath before any person authorized by law to administer oaths."

Officer Hamilton admitted at trial that he did not swear to the complaints before the mayor of New Albany, whose name appears on the jurat. He further admitted that the mayor's purported signature was actually only a stamp and that he never appeared before this person. Instead, he stated that he swore to the complaints before his sergeant, who he thought was a notary. However, the sergeant's acknowledgement does not appear on either complaint.

Plaintiff, village of New Albany, argues that this issue was waived under Crim.R. 12, which requires defects in the complaint or indictment to be raised by motion before the commencement of trial. However, defenses based on defects in the complaint which relate to lack of jurisdiction or failure to charge an offense may be raised at any time during the pendency of the proceeding. Crim.R. 12(B)(2).

The filing of a valid complaint is a necessary prerequisite to a court's acquiring jurisdiction. *Columbus v. Jackson* (1952), 93 Ohio App. 516, 51 O.O. 222, 114 N.E.2d 60. Furthermore, the failure to present a properly sworn affidavit is a defect that deprives a court of subject matter jurisdiction and cannot be waived by a defendant. *State v. Green* (1988), 48 Ohio App.3d 121, 548 N.E.2d 334; *State v. Miller* (1988), 47 Ohio App.3d 113, 547 N.E.2d 399. In *Green,* the charging officer signed the complaint, but did not sign the jurat. The Portage County Court of Appeals held that an unsworn complaint "is void and any conviction resulting therefrom would be void also." *Id.* at 122, 548 N.E.2d at 335.

We find the cases relied upon by plaintiff to be distinguishable from the facts of the instant case. *Cleveland v. Ely* (1963), 174 Ohio St. 403, 23 O.O.2d 46, 189 N.E.2d 724, decided before the adoption of Crim.R. 12(B)(2), does not involve a jurisdictional issue. *State v. Bretz* (Aug. 27, 1993), Portage App. No. 92–P–0008, unreported, 1993 WL 334249. In *Hawkins v. Dollison* (1978), 56 Ohio App.2d 183, 10 O.O.3d 194, 381 N.E.2d 1326, no criminal complaint was involved. Instead, this court was concerned with an irregularity in an implied consent report in a drunk driving case. Furthermore, the report was defective only because the deputy clerk taking the acknowledgement did not include the county or court in which the deputy was employed.

Similarly, *In re Dukes* (1991), 81 Ohio App.3d 145, 610 N.E.2d 513, did not involve an interpretation of Crim.R. 3; rather, it involved an interpretation of Juv.R. 22. Furthermore, the affidavit in that case had not been signed by the

affiant. There were no facts to indicate that an oath was not otherwise properly administered by a notary public or deputy clerk, as is the case in the instant action.

Since the charging officer in the instant case did not file properly sworn complaints in compliance with Crim.R. 3, the trial court did not have jurisdiction of the subject matter regarding the disorderly conduct and assault charges; thus, those convictions are void.

Accordingly, the first assignment of error is well taken.

By the second assignment of error, defendant contends that the trial court erred in overruling his motion to suppress. Defendant argues that the stop of his vehicle was illegal because Officer Hamilton did not have a reasonable and articulable suspicion that defendant was violating the law. Specifically, defendant contends that Officer Hamilton failed to determine prior to the stop that defendant's rear registration plate was not visible from a distance of fifty feet, as required by Section 438.04 of the New Albany Village Ordinances. Defendant further argues that the investigatory stop of defendant's vehicle for the traffic violation was pretextual. As a result, defendant maintains that all of the evidence against him should be suppressed.

An appellate court's role in reviewing a trial court's determination on a motion to suppress evidence was recently set forth in *State v. Venham* (1994), 96 Ohio App.3d 649, 645 N.E.2d 831, wherein the Washington County Court of Appeals stated:

"In a hearing on a motion to suppress evidence, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate the credibility of witnesses. *State v. Lewis* (1992), 78 Ohio App.3d 518, 605 N.E.2d 451; *State v. Warren* (Aug. 12, 1991), Hocking App. No. 90CA7, unreported, 1991 WL 156521. Thus, the credibility of witnesses at a hearing on a motion to suppress evidence is a matter for the trial court. A reviewing court should not disturb the trial court's finding on the issue of credibility. *State v. Fanning* (1982), 1 Ohio St.3d 19, 1 OBR 57, 437 N.E.2d 583; *State v. Tutt* (Apr. 14, 1986), Warren App. No. CA85–09–056, unreported, 1986 WL 4506. Accordingly, in our review we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. * * * *State v. Shelpman* (May 23, 1991), Ross App. No. 1632, unreported, 1991 WL 87312; *State v. Simmons* (Aug. 31, 1990), Washington App. No. 89CA18, unreported, 1990 WL 127065." *Id.* at 653, 645 N.E.2d at 833.

A police officer may stop a vehicle for investigation only upon a reasonable and articulable suspicion that the vehicle or its occupants are subject to seizure for a violation of the law. *Delaware v. Prouse* (1979), 440 U.S. 648, 99

S.Ct. 1391, 59 L.Ed.2d 660. "The stop must be reasonable at its inception, and the police officer must be able to point to specific and articulable facts which reasonably warrant the intrusion." *State v. Bishop* (1994), 95 Ohio App.3d 619, 622, 643 N.E.2d 170, 171, citing *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. Furthermore, the propriety of an investigative stop must be determined in light of the totality of the surrounding circumstances. *State v. Carter* (1994), 69 Ohio St.3d 57, 65, 630 N.E.2d 355, 362; *Bishop, supra.*

■ Defendant first argues that Officer Hamilton lacked a sufficient articulable ground to provide even reasonable suspicion for a traffic stop, because he did not determine that defendant's rear registration plate was not visible from a distance of fifty feet, as required by Section 438.04 of the New Albany Village Ordinances.

Although Officer Hamilton admitted at trial that he initially pursued defendant based solely on the conversation between him and the Omega gas station attendant regarding defendant's alleged impairment, he stated that he stopped defendant for a violation of New Albany Village Ordinance 438.04, which states, in pertinent part:

"(b) Either a tail light or a separate light shall be so constructed and placed as to illuminate with a white light the rear registration plate, when such registration plate is required, and render it legible from a distance of fifty feet to the rear. * * * *"

According to the record in this case, Officer Hamilton personally observed that defendant's rear registration plate was not visible from a distance of "three or four car lengths." Defendant argues that this portion of Officer Hamilton's testimony fails to establish that the rear registration plate was not visible from a distance of fifty feet, as required by the ordinance. We agree that the testimony as to "three or four car lengths," standing alone, may not have established a violation of the ordinance. However, Officer Hamilton further testified:

"Q. [MR. GREER] And you gave—Needless to say, you did not measure the distance from which you could see or read this plate?

"A. [OFFICER HAMILTON] No, sir.

"Q. It could have been 50 feet *or a longer distance?*

"A. *No.* It was definitely within three or four car lengths, I'm saying." (Emphasis added.)

Thus, Officer Hamilton's testimony establishes a violation of New Albany Village Ordinance Section 438.04, in that defendant's rear registration plate was not visible from a distance of no more than fifty feet. In light of this observation of the actual commission of the traffic offense, Officer Hamilton had more than

enough reason to satisfy the threshold standard of reasonable suspicion to justify the stop. Officer Hamilton's testimony that defendant was pulled over because of the lack of illumination of the rear registration plate was uncontroverted and served as the basis for the stop. See *State v. Evans* (1993), 67 Ohio St.3d 405, 407, 618 N.E.2d 162, 165 (propriety of traffic stop "cannot be reasonably disputed" when police officer observed burned-out headlight).

■ Defendant next argues that even if there was an articulable ground for the stop under the threshold standard of reasonable suspicion, that ground was not the lone determining factor of the constitutional validity of the detention, because Officer Hamilton was using the traffic violation merely as a pretext for an otherwise unjustifiable stop in order to determine if defendant was an impaired driver. The test for a pretextual stop " 'is not whether the officer *could* validly have made the stop but whether under the same circumstances a reasonable officer *would* have made the stop in the absence of the invalid purpose.' " (Emphasis *sic*.) *State v. Spencer* (1991), 75 Ohio App.3d 581, 585, 600 N.E.2d 335, 337. In assessing whether a stop or an arrest is illegitimately pretextual, this test focuses on things such as deviations from an officer's usual routine or police department practice. *State v. Richardson* (1994), 94 Ohio App.3d 501, 507, 641 N.E.2d 216, 220.

■ Although defendant asserts that the initial stop was made only so that Officer Hamilton could further investigate the Omega gas station attendant's suggestion that defendant may have been impaired, the evidence establishes that Officer Hamilton personally observed a violation of New Albany Village Ordinance Section 438.04. Defendant was issued a citation for that offense. Thus, there being no factual basis to support the claim of pretext, the appropriate standard for measuring the validity of the stop is clearly one of reasonable suspicion. As we have already determined that the evidence here is sufficient to satisfy that test, we find no merit to defendant's argument.

Accordingly, the second assignment of error is not well taken.

For the foregoing reasons, defendant's first assignment of error is sustained and the second assignment of error is overruled. Thus, the case is affirmed in part, reversed in part, and remanded with instructions to the Franklin County Municipal Court for further proceedings in accordance with law consistent with this opinion.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

BOWMAN, P.J., and PEGGY BRYANT, J., concur.