OPINION
Defendant-appellant, Rande Burchett, appeals the judgment of the Franklin County Municipal Court overruling appellant's motion to suppress and finding him guilty of operating a motor vehicle while under the influence of alcohol in violation of Columbus City Code 2133.01.
The testimony from the suppression hearing establishes the following factual background. During the early morning hours of August 30, 1998, tow truck driver William Allen and a co-worker found a man later identified as appellant in his car. The car was stopped in a left-hand turn lane for those going from eastbound Refugee Road to northbound High Street. Appellant was in the driver's seat. According to Allen, appellant and a passenger in the car were "slumped over head to head toward the center of the vehicle." Appellant's car remained stationary through a green light. The engine was running and appellant had his foot on the brake.
The tow truck drivers parked the tow truck in front of appellant's car to prevent the car from rolling into the intersection. Allen and his co-worker knocked on the windows of appellant's car to wake him and his passenger; however, neither appellant nor his passenger woke up. Allen then proceeded to call 911. According to Allen, the 911 operator indicated that they would send a cruiser to the scene.
Next, Allen's co-worker opened the passenger door and put the car in park. As well, the co-worker removed the keys from the ignition. Appellant eventually woke up and got out of his car. According to Allen, appellant started to "cop an attitude and threaten physically." Appellant walked over to the tow truck and confiscated the tow truck keys. Allen testified that appellant had impeded speech, loss of balance and a strong odor of alcohol about him.
Bennie Jones testified that he and a friend first noticed appellant's car while he was getting a soda at a nearby car lot. According to Jones, he and his friend were curious as to why appellant appeared to be looking at them, so they approached the vehicle and found appellant to be sleeping. They observed appellant to be stopped in the turn lane for a time period of fifteen to twenty minutes. Jones testified that he was present when Allen arrived on the scene. Jones witnessed the events as described above by Allen.
Thereafter, Officer Babcock arrived. Allen and his co-worker gave the officer appellant's keys. Officer Babcock testified that appellant "kept screaming to the tow truck driver and some of the other witnesses to give him his keys back." The officer approached appellant and asked him if he was the driver of the vehicle in the turn lane. Appellant admitted that he was the driver. While he was talking to appellant, Officer Babcock noticed a strong odor of alcohol on appellant and that he had slurred speech. As well, the officer noticed that appellant was staggering and that his walking "was very difficult." According to Officer Babcock, appellant was too combative to perform field sobriety tests. Thereafter, appellant was placed under arrest. After appellant was arrested, he took a breathalyzer test and tested 0.188. Appellant was charged with operating a motor vehicle while under the influence of alcohol and operating a motor vehicle with a prohibited concentration of alcohol, which are both misdemeanor offenses.
Appellant pled not guilty to the above charges and, as noted above, filed a motion to suppress evidence based on appellant being unlawfully arrested by the tow truck drivers and by Officer Babcock. The trial court denied the motion to suppress.
Next, appellant pled no contest to the charge of operating a vehicle while under the influence of alcohol. The trial court found appellant guilty of the charge and dismissed the remaining charge of operating a motor vehicle with a prohibited concentration of alcohol. The trial court proceeded to sentence appellant accordingly.
Appellant appeals, raising one assignment of error:
 THE FRANKLIN COUNTY MUNICIPAL COURT ERRED WHEN IT FOUND DEFENDANT-APPELLANT GUILTY OF DRIVING UNDER THE INFLUENCE OF ALCOHOL IN VIOLATION OF O.R.C. 4511.19
SINCE PROBABLE CAUSE DID NOT EXIST TO ARREST DEFENDANT-APPELLANT FOR SAID VIOLATION. THE DECISION OF THE MUNICIPAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In appellant's single assignment of error, he asserts that evidence stemming from the unlawful arrests by the tow truck drivers and by Officer Babcock should have been suppressed because the evidence was fruit of unlawful seizures. Thus, according to appellant, because the trial court was unable to consider such evidence, the trial court erred in finding appellant guilty of operating a motor vehicle while under the influence of alcohol. We disagree with appellant's contentions.
We first address appellant's assertion that the conduct of the tow truck drivers constitute an arrest of appellant and that the citizens had no authority to arrest another citizen for a misdemeanor offense. See Jackson v. Gossard (1989), 48 Ohio App.3d 309,310 (recognizing that a citizen's arrest may not be lawfully made for the commission of a misdemeanor). An arrest "signifies the apprehension of an individual or the restraint of a person's freedom in contemplation of the formal charging with a crime." State v. Darrah (1980), 64 Ohio St.2d 22, 26. An arrest occurs when the following elements are involved:
 * * * (1) An intent to arrest, (2) under a real or pretended authority, (3) accompanied by an actual or constructive seizure or detention of the person, and (4) which is so understood by the person arrested. * * * [Id.
at 26.]
In this case, we initially conclude that the tow truck drivers were not acting under any real or pretend authority of the police. Allen testified that, when he called 911 on his phone, the operator indicated that a cruiser would be sent to the scene. According to Allen, the operator gave no other instructions regarding the situation as to whether Allen should prevent appellant from leaving. Jones testified under oath that, although he heard someone over the tow truck's "CB radio" tell Allen to prevent appellant from leaving, Jones noted that he was not sure who relayed the message and asserted that it could have been a fellow tow truck employee of Allen. We acknowledge that appellant attacks the credibility of Jones' testimony by indicating that, prior to the hearing, Jones made a statement, handwritten by appellant's trial counsel, that he heard Columbus police officers over the "CB radio" tell Allen to prevent appellant from leaving. However, Jones' testimony at the suppression hearing does not undermine the trial court's decision. The trial court assumes the role of trier of fact during suppression hearings and is in the best position to evaluate the credibility of witnesses. State v.Smith (1991), 61 Ohio St.3d 284, 288; New Albany v. Dalton (1995),104 Ohio App.3d 307, 312. We are, therefore, required to accept the trial court's findings on issues of credibility if the findings are supported by competent, credible evidence. Dalton, at 312. In this case, we conclude that Jones' testimony at the suppression hearing does not appear incredible in light of the above testimony by Allen and in light of Jones' own testimony that Allen contacted the police on a cellular phone.
Furthermore, we conclude that the tow truck drivers had no intent to arrest appellant and that appellant was neither actually nor constructively detained at the scene. Allen testified that neither he nor his co-worker would physically detain appellant in order to keep him at the scene. As well, Allen testified that appellant "could have walked away."
We acknowledge that the tow truck drivers confiscated appellant's keys and blocked appellant's car with the tow truck. However, upon reviewing the above facts in the record, such action does not compel us to conclude that the tow truck drivers arrested appellant; rather, such action demonstrates at best a goal to ensure that appellant would not drive on the roadways in an intoxicated manner. Accordingly, we conclude that the record does not support a finding that the tow truck drivers arrested appellant and otherwise acted unlawfully in this case.
We next address appellant's claim that Officer Babcock could not lawfully arrest appellant without a warrant for operating a motor vehicle while under the influence of alcohol because the officer did not observe appellant operating a motor vehicle.
Generally, an officer may not make a warrantless arrest for a misdemeanor unless the offense is committed in the officer's presence. R.C. 2935.03; Columbus v. Lenear (1984), 16 Ohio App.3d 466,468. However, the Ohio Supreme Court has recognized that a police officer may make a warrantless arrest where the arresting officer has probable cause to believe that an individual was operating a vehicle while under the influence of alcohol, even though the officer has not viewed the commission of the offense.Oregon v. Szakovits (1972), 32 Ohio St.2d 271, 274; State v.Henderson (1990), 51 Ohio St.3d 54, 56.
In doing so, the Ohio Supreme Court has established guidelines for determining the validity of a warrantless arrest for operating a motor vehicle while under the influence of alcohol where the officer did not view the commission of the offense. First, the trial court should consider chronology. As stated by the court, "'[a] relationship must be established between the time there was evidence to show the influence of intoxicants and the time of operating a vehicle.'" Szakovits, at 273, quoting Mentorv. Giordano (1967), 9 Ohio St.2d 140, 146. As well, the court indicated, "`the evidence must show beyond a reasonable doubt that the accused was under the influence of intoxicating liquor while operating the vehicle in that condition.'" Szakovits, at 273, quoting Giordano, at paragraph three of the syllabus. Finally, the court stated that "each `drunken driving' case is to be decided on its own particular and peculiar facts." Szakovits, at 273.
As an example, in City of Heath v. Hutchinson (Dec. 11, 1996), Licking App. No. 96 CA 25, unreported, the Fifth District Court of Appeals of Ohio examined a warrantless arrest of an individual for operating a motor vehicle while under the influence of alcohol. In Hutchinson, the arrest stemmed from events taking place in a parking lot near a nursing home. Employees of the nursing home called the police after seeing the defendant enter the parking lot and get out of the car to change a flat tire. A police officer arrived at the scene and noticed that the defendant was standing in the parking lot and holding onto the truck. The police officer testified that he observed a strong smell of alcohol about the defendant's person. As well, the defendant had slurred speech and glassy bloodshot eyes. The defendant could not keep his balance and failed field sobriety tests. Furthermore, the police officer testified that witnesses informed him that the defendant had been driving the automobile. The appellate court concluded that, based on these facts, the warrantless arrest of the defendant was valid even though the officer did not observe the defendant operating the motor vehicle while intoxicated.
In this case, the officer witnessed appellant's condition near the time appellant was operating the motor vehicle. Officer Babcock testified that he observed appellant standing near the car in the turn lane in the middle of the street. Appellant admitted to driving the car. As well, the officer testified that appellant had a strong odor of alcohol about him and that he had slurred speech. Furthermore, Officer Babcock testified that appellant staggered when he walked and acted in a combative manner throughout the encounter. Based on these factors, we conclude that Officer Babcock's observations gave him probable cause to believe that appellant operated a motor vehicle while under the influence of alcohol and that the warrantless arrest was valid.
We acknowledge that appellant attacks Officer Babcock's credibility by noting that police reports indicate that appellant had a moderate odor of alcohol about him and that his speech was "fair." However, as noted above, the trial court is in the best position to evaluate the credibility of witnesses during a suppression hearing and we will not disturb the trial court's findings on issues of credibility if supported by competent, credible evidence. Smith, at 288; Dalton, at 312. In this case, we find no reason to discount Officer Babcock's testimony and, thus, conclude that the officer's testimony did not undermine the trial court's decision. Officer Babcock testified under oath and asserted that his recollection of the events leading up to appellant's arrest was good.
As well, we note that probable cause is not lacking due to Officer Babcock's failure to perform field sobriety tests. The officer decided not to conduct such tests due to appellant's uncooperative and belligerent nature. Police officers are not required to conduct field sobriety tests when, in their judgment, it would be futile due to the defendant's behavior. Cleveland v.Johnston (Nov. 16, 1995), Cuyahoga App. No. 68458, unreported. Accordingly, we conclude that Officer Babcock's warrantless arrest of appellant was valid.
Therefore, we conclude that the trial court did not err in denying appellant's motion to suppress and was able to consider the above evidence when finding appellant guilty of operating a motor vehicle while under the influence of alcohol. Appellant's assignment of error is overruled, and the judgment of the Franklin County Municipal Court is affirmed.
BRYANT and LAZARUS, JJ., concur.