DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant Phillip L. Martin appeals his convictions and sentences for driving while under the influence of alcohol in violation of R.C. 4511.19, and driving while under suspension in violation of R.C. 4507.02 entered by the Lawrence County Court of Common Pleas. On appeal, appellant's appointed counsel, J. Brett Davis, advised this Court that he had reviewed the record and could discern no meritorious claim for appeal. Davis filed a motion to withdraw as counsel pursuant to Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396, and raised three possible assignments of error if this Court found the appeal to be meritorious. Appellant filed a pro se appellate brief arguing the assignments of error raised by appointed counsel.
 {¶ 2} After our thorough and independent review of the record, we agree with appellate counsel that the record contains no potential meritorious claim upon which appellant might prevail on appeal.
 Statement of the Case {¶ 3} On May 15, 2001, Defendant-Appellant Phillip L. Martin was charged with operating a motor vehicle while under the influence of alcohol (OMVI) pursuant to R.C. 4511.19, and driving while under suspension pursuant to R.C. 4507.02.
 {¶ 4} Appellant was formally charged on a complaint filed in the Ironton Municipal Court. The affidavit supporting the complaint alleged that appellant operated a motor vehicle while under the influence of alcohol in the parking lot of a restaurant. Further, the affidavit stated that appellant's BAC Datamaster test results showed a concentration of .337 grams of alcohol per two hundred ten liters of his breath and that appellant's record contained seven prior convictions for OMVI in the last six years. Appellant was unable to post bond, and on May 24, 2001, appellant waived his right to a preliminary hearing in municipal court by signing a written waiver.
 {¶ 5} On June 13, 2001, the Lawrence County Grand Jury indicted appellant for OMVI in violation of R.C. 4511.19(A)(6), a fourth degree felony pursuant to R.C. 4511.99(A)(8)(a)(i), and driving under suspension, a first degree misdemeanor in violation of R.C. 4507.02. On June 15, 2001, appellant was arraigned on the indictment and he pled not guilty to both counts.
 {¶ 6} Pre-trial hearings were held on June 20, 2001 and June 26, 2001. As a result of plea negotiations between appellant and the state, on June 26, 2001, appellant changed his plea to guilty on both counts in the indictment. The trial court then conducted a hearing at which it satisfied the requirements of Crim.R. 11 and determined that appellant's plea was knowingly, intelligently, and voluntarily made. As a result, appellant was found guilty and the trial court proceeded to sentencing.
 {¶ 7} Pursuant to the plea agreement between the parties, which the trial court adopted, appellant was sentenced to eighteen months incarceration on the OMVI charge and six months incarceration on the driving-under-suspension charge to be served concurrently. Further, if appellant was accepted by, and admitted to, a community-based correctional facility, he was granted the option to spend the last six months of his term there, rather than in prison. Appellant also received a mandatory fine of $750 and a five-year license suspension. The trial court also ordered the criminal forfeiture of the vehicle appellant was driving when he was arrested. Appellant's conviction and sentence were journalized in an entry filed by the trial court July 19, 2001.
 {¶ 8} Appellant was appointed counsel for his direct appeal on August 3, 2001, and a timely notice of appeal was filed thereafter.
 Analysis {¶ 9} Upon receiving an Anders brief, we must "conduct `a full examination of all the proceedings to decide whether the case is wholly frivolous.'" Penson v. Ohio (1988), 488 U.S. 75, 80, 109 S.Ct. 346, quoting Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396. If, after fully examining the record of the proceedings below, we find only frivolous issues on appeal, then we may proceed to address the case on its merits without affording appellant the assistance of counsel. Id.; see, also, State v. Kent (Mar. 4, 1998), Jackson App. No. 96CA794; Statev. Hart (Dec. 23, 1997), Athens App. No. 97CA18.
 {¶ 10} On the other hand, if we find that meritorious issues for appeal exist, we must afford appellant the assistance of counsel in order that counsel may address the issues. Anders and Penson, supra; see, e.g., State v. Alexander (Aug. 10, 1999), Lawrence App. No. 98CA29.
 {¶ 11} In his Anders brief, appellate counsel presents the following possible assignments of error for our review.
 {¶ 12} First Assignment of Error: "The Lawrence County Common Pleas Court erred in accepting the defendant's plea to an indictment for a felony DUI because the original complaint was not accompanied by a properly sworn affidavit."
 {¶ 13} Second Assignment of Error: "The court erred in accepting the state's assertion that the defendant had seven prior DUI's and thereby prejudiced the defendant at sentencing."
 {¶ 14} Third Assignment of Error: "The defendant was deprived of the right to competent counsel due to counsel's assertion that he could be re-indicted for a more serious felony and his lack of communication with the defendant."
 {¶ 15} After being permitted to do so by this Court, appellant filed a pro se brief presenting the following assignments of error.
 {¶ 16} First Pro Se Assignment of Error: "The Lawrence County Court Of Common Pleas erred in accepting the defendant's plea to an indictment for a felony DUI based upon an unsworn and defective complaint and affidavit which are conflicting in information."
 {¶ 17} Second Pro Se Assignment of Error: "The court erred in accepting the state's assumption that the defendant had seven prior dui's thereby prejudicing the defendant at sentencing."
 {¶ 18} Third Pro Se Assignment of Error: "The defendant was deprived of his Sixth Amendment right to effective assistance of trial counsel in that counsel failed to investigate the state's case against the defendant, failed to gain discovery, failed to comprehensively communicate with the defendant, and erroneously advised defendant during plea agreement [sic].
 I. Appellant's Plea in Municipal Court {¶ 19} First we must determine whether the First Assignments of Error of appellant and appellate counsel are wholly frivolous. Both assignments of error assert that the Ironton Municipal Court erred in accepting appellant's plea to a complaint allegedly not supported by a properly sworn affidavit. Furthermore, appellant argues that the complaint and affidavit contain conflicting information.
 {¶ 20} Appellant is correct in his assertion that in order for his conviction and sentence to be valid, the complaint upon which he was convicted must also be valid.
 {¶ 21} "The filing of a valid complaint is a necessary prerequisite to a court's acquiring jurisdiction. Columbus v. Jackson
(1952), 93 Ohio App. 516, 114 N.E.2d 60. Furthermore, the failure to present a properly sworn affidavit is a defect that deprives a court of subject matter jurisdiction and cannot be waived by a defendant. Statev. Green (1988), 48 Ohio App.3d 121, 548 N.E.2d 334; State v. Miller
(1988), 47 Ohio App.3d 113, 547 N.E.2d 399. In Green, the charging officer signed the complaint, but did not sign the jurat. The Portage County Court of Appeals held that an unsworn complaint `is void and any conviction resulting therefrom would be void also.'48 Ohio App.3d at 122. Village of New Albany v. Dalton (1995), 104 Ohio App.3d 307, 311,661 N.E.2d 1132.
 {¶ 22} However, in the case sub judice, appellant was not convicted or prosecuted upon the allegedly defective complaint and affidavit presented to the Ironton Municipal Court. Subsequent to his arraignment in municipal court, appellant was indicted by the Lawrence County Grand Jury on a felony OMVI charge. It was upon the valid grand jury indictment that appellant was arraigned in the Lawrence County Court of Common Pleas and eventually convicted and sentenced. Thus, even if the complaint filed in municipal court was invalid, it serves as no more than a nullity, since appellant was subsequently indicted by a grand jury and pled guilty to the charges found in the two-count indictment.
 {¶ 23} "The grand jury is not restricted to the charge made in the affidavit or information. `Grand juries have plenary and inquisitorial powers and may lawfully upon their own motion originate charges against offenders. * * *.' See State v. Klingenberger (1925), 113 Ohio St. 418,426, 149 N.E. 395; State v. Adams (1982), 69 Ohio St.2d 120, 125,431 N.E.2d 326. The grand jury did not exceed its authority by returning an indictment that differed from the initial complaint and affidavit."State v. Marbley (May 18, 1995), Cuyahoga App. No. 67685.
 {¶ 24} Thus, the original complaint filed in municipal court does not constitute the basis for appellant's conviction and sentence, and any alleged errors contained in the complaint are harmless and irrelevant as to appellant's convictions based on the grand jury indictment.
 {¶ 25} Therefore, we find that an appeal based upon these assignments of error would be wholly frivolous.
 II. Seven OMVI Convictions {¶ 26} We now turn to the Second Assignments of Error of appellant and appellate counsel to determine whether they are wholly frivolous. Both of these assignments of error assert that appellant's sentence was based on inaccurate information (i.e., that appellant had six or seven prior convictions for OMVI). Appellant asserts that this inaccurate information led the trial court to impose a more stringent sentence upon appellant than it would have if based on accurate data.
 {¶ 27} Appellant's sentence was part of a plea agreement between him and the state. A defendant is prohibited from appealing his sentence if the state and the defendant jointly recommended the sentence, and if the sentence was authorized by law. See R.C. 2953.08(D). Our review of the sentencing hearing transcript reveals appellant and the state jointly recommended to the trial court the sentence imposed upon appellant. Also, the sentence imposed by the trial court was authorized by law. See R.C. 4511.99(A)(8)(i). Accordingly, R.C. 2953.08(D) applies and prevents appellant from appealing his sentence.
 {¶ 28} Furthermore, appellant does not deny that he has three or more OMVI convictions in the past six years. Three convictions were sufficient for him to receive the sentence that he received. See R.C.4511.99(A)(8(i). Whether appellant had four or eight prior convictions is irrelevant, since his sentence was in accordance with the charge to which he pled guilty. In fact, appellant could have received up to thirty months incarceration, as compared to the eighteen months imposed by the trial court.
 {¶ 29} In addition, appellant does not deny that he has a prior felony OMVI conviction. Accordingly, appellant could have been indicted for a third degree felony, rather then the fourth degree felony to which he pled guilty. See R.C. 4511.99(A)(8)(ii).
 {¶ 30} Therefore, we again find that an appeal based on these assignments of error would be wholly frivolous.
 III. Ineffective Assistance of Counsel {¶ 31} We finally turn to the Third Assignments of Error of appellant and appellate counsel to determine whether they are wholly frivolous. Both assignments of error assert that appellant was denied effective assistance of counsel at trial.
 {¶ 32} In order to prove a claim of ineffective assistance of counsel, generally, a defendant must show that his counsel's performance was deficient (i.e., not reasonably competent) and that counsel's deficiencies prejudiced the defense. See Strickland v. Washington
(1984), 466 U.S. 668, 104 S.Ct. 2052; State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus. When this standard is applied in the context of a guilty plea, appellant must demonstrate that, but for his counsel's errors, he would not have pled guilty. See Hill v. Lockhart (1985), 474 U.S. 52, 106 S.Ct. 366; Statev. Martin (June 24, 1997), Lawrence App. No. 96CA53.
 {¶ 33} Appellant asserts that he was denied effective assistance of counsel on two grounds: (1) trial counsel failed to investigate the case or prepare a defense; and, (2) appellant was coerced into pleading guilty because he was "coerced by threats of being charged with a[n] enhanced felony."
 Failure to Investigate {¶ 34} Appellant asserts that his trial counsel was ineffective because he failed to communicate with appellant, investigate issues in appellant's case, or file a motion to suppress.
 {¶ 35} As to appellant's assertions that his trial counsel did not communicate with appellant or investigate appellant's case, we are simply unable to address these claims. These matters are outside of the record before us. "[A] reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." State v. Hooks, 92 Ohio St.3d 83,83, 2001-Ohio-150, 748 N.E.2d 528; see, e.g., State v. Burke, Franklin App. No. 90AP-1344, 2001-Ohio-4060 (explaining that "claims of failure to investigate * * * ordinarily raise matters outside the record and, therefore, the appropriate remedy is a petition for post-conviction relief").
 {¶ 36} Further, the record does not disclose the circumstances surrounding appellant's initial contact with law enforcement officers (i.e., appellant's field sobriety tests, arrest, and breath test). Thus, "[w]here the record contains no evidence which would justify the filing of a motion to suppress, the appellant has not met his burden of proving that his attorney violated an essential duty by failing to file the motion." State v. Gibson (1980), 69 Ohio App.2d 91, 95, 430 N.E.2d 954. Moreover, counsel is not per se ineffective for failing to file a suppression motion. See State v. Madrigal, 87 Ohio St.3d 378,2000-Ohio-448, 721 N.E.2d 52, quoting Kimmelman v. Morrison (1986),477 U.S. 365, 384, 106 S.Ct. 2574.
 {¶ 37} Therefore, the record does not reveal that appellant's trial counsel was ineffective on this basis.
 B. Coerced Guilty Plea {¶ 38} Appellant also asserts that his counsel was ineffective because he coerced appellant into pleading guilty to the charges in the indictment, using "threats of being charged with a[n] enhanced felony." However, there is nothing in the record to support this assertion. SeeState v. Hooks, 92 Ohio St.3d 83, 83, 2001-Ohio-150, 748 N.E.2d 528; seeState v. Burke, supra.
 {¶ 39} Furthermore, pleading guilty to the lesser offenses found in the indictment because appellant was afraid of the possibility of an amended indictment with harsher penalties, which were brought to his attention by his counsel, does not rise to the level of coercion. See Black's Law Dictionary (7 Ed.Rev. 1999) 252 (defining coercion as "Compulsion by physical force or threat of physical force").
 {¶ 40} Upon review of the record, it is apparent that the state could have sought to dismiss the indictment and have appellant re-indicted for a third-degree felony OMVI, due to appellant's prior felony OMVI conviction. Based on this fact and a review of the case, a reasonable attorney could have determined, and suggested, that it was in his client's best interest to plead guilty to a lesser felony with a jointly recommended sentence, rather than risk a more serious felony and stiffer penalties upon re-indictment.
 {¶ 41} Accordingly, trial counsel was not ineffective in suggesting to appellant that he agree to the plea bargain and plead guilty. Furthermore, our review of the record reveals that appellant's plea was knowingly, intelligently, and voluntarily made, and that appellant has failed to show a prejudicial effect. See State v. Nero
(1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474. There is nothing in the record to support the proposition that, but for his counsel's alleged errors, appellant would not have pled guilty.
 {¶ 42} Therefore, we find that appellant's claims of ineffective assistance of counsel are also wholly frivolous.
 Conclusion {¶ 43} In sum, after examining the entire record we find that there are no meritorious claims upon which appellant could prevail on appeal and overrule the assignments of error. Therefore, we grant counsel's motion to withdraw and affirm the judgment of the trial court.
Motion granted and judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the LAWRENCE COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEENPREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, IT IS TEMPORARILYCONTINUED FOR A PERIOD NOT TO EXCEED SIXTY (60) DAYS UPON THE BAILPREVIOUSLY POSTED. The purpose of the continued stay is to allow appellant to file with the Supreme Court of Ohio an application for stay during the pendency of proceedings in that court.
If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of appellant to file a notice of appeal with the Supreme Court of Ohio within the forty-five (45) day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of the sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J.: Concurs in Judgment and Opinion.
Harsha, J.: Concurs in Judgment and Opinion as to Assignments of Error I and III; Concurs in Judgment Only as to Assignment of Error II.