DECISION
{¶ 1} Defendant-appellant Charles E. Cano ("appellant") was charged with operating a motor vehicle while under the influence of alcohol ("OMVI impaired"), in violation of Columbus City Code ("CCC") § 2133.01(a), and with operating a motor vehicle with a breath alcohol level in excess of the legal limit, in violation of CCC §2133.01(b)(2) ("OMVI per se"). Shortly after his arrest, appellant filed a motion to dismiss or to suppress the evidence against him. After conducting an evidentiary hearing on appellant's motion, the trial court rejected appellant's argument that the officers lacked probable cause to stop him. Six days later, appellant entered a no-contest plea to each charge, and the trial court found appellant guilty of both charges. However, the trial court only sentenced appellant on the OMVI impaired charge, finding that the OMVI per se charge was an allied offense of similar import and that the offenses merged for sentencing purposes.
 {¶ 2} Appellant now appeals the trial court's decision, setting forth three assignments of error:
I. The trial court erred in denying the defendant-appellant's motion to dismiss pursuant to Ohio Revised Code § 2945.73 for failure to bring defendant-appellant to trial within the time limits set forth in said section.
II. The trial court erred to the prejudice of the defendant-appellant in finding that Officer Castro administered the standard field sobriety evaluations in strict compliance with the standardized field sobriety student manual published by the National Highway Traffic Safety Administration.
III. The trial court erred in determining that the arrest of defendant-appellant was proper because there is clear and competent evidence demonstrating that Officer Castro did not have sufficient probable cause of defendant-appellant's operating a motor vehicle while intoxicated to arrest defendant-appellant.
 {¶ 3} In his first assignment of error, appellant argues that the charges against him must be dismissed as a matter of law because he was not brought to trial within the time limits that the legislature has proscribed.[1] Appellant was charged with separate violations of CCC § 2133.01(a) and 2133.01(b)(2), which are misdemeanors of the first degree. A person who is charged with a misdemeanor of the first degree must be brought to trial within 90 days of his arrest or service of summons, unless one of nine statutory exceptions applies to extend that time. R.C. 2945.71(B)(2); R.C. 2945.72(A) — (I). If the accused is not brought to trial within the allocated time limits, he must be discharged. Further, he cannot be prosecuted again for the same offense. R.C. 2945.73(B), (D).
 {¶ 4} Appellant was arrested on October 5, 2002. His trial, therefore, must have begun no later than January 3, 2003, unless some provision of R.C. 2945.72 applied to extend that deadline. Appellant filed a motion to suppress on November 25, 2002, but it was not heard until January 8, 2003, and he did not enter his plea to the charges against him until January 14, 2003.
 {¶ 5} At a November 1, 2002 pre-trial conference, the case was scheduled for a jury trial beginning on December 11, 2002 ("first trial date"). On November 25, 2002, 51 days after his arrest, appellant filed a motion to dismiss, or in the alternative, to suppress the result of his traffic stop because it was made without probable cause. The state filed its memorandum in opposition on December 9, 2002. On the first trial date, a transcript of the proceedings shows that the state asked for a continuance because one officer was on injury leave and because the arresting officer had a "very important doctor's appointment that the prosecutor believed was `sort of an emergency in a personal situation.'" (Dec. 11, 2002, Tr. at 2.) After considering appellant's objection, the trial court stated that "[t]he case will be continued for good cause. * * * While the motion to dismiss and/or suppress evidence tolls the operation of speedy trial time limits anyway, the Court exercises authority pursuant to 2945.72 of the Revised Code to extend speedy trial time limits accordingly." Id. at 3, 5. The trial court then set a new trial date for "the next available date" on January 8, 2003. Id.
 {¶ 6} The trial judge's statements at the December 11, 2002 hearing provide two separate and independent bases for tolling the time by which appellant must have been brought to trial. First, the time by which an accused must be brought to trial can be extended for "the period of any reasonable continuance granted other than upon the accused's own motion[.]" R.C. 2945.72(H). The state moved for a continuance because the two police officers who were to serve as prosecuting witnesses were not available, one due to injury leave and one due to a doctor's appointment. The Supreme Court of Ohio has previously determined that the continuance of an original trial date was reasonable where the arresting officer was on vacation and would be unavailable, and where the new trial date was scheduled a mere three days outside the speedy time limit. State v. Saffell (1988), 35 Ohio St.3d 90. Here, the involved officers were unavailable for reasons that are more substantial than a vacation, and the new trial date was only five days beyond the original speedy trial time limit. The continuance was journalized by an entry that set forth the reasons supporting it, and the entry was filed before the original speedy trial time limit was to expire. State v. Mincy (1982),2 Ohio St.3d 6. The trial court's decision to grant plaintiff's motion for a continuance, and thereby extend the speedy trial time limit, complied with R.C. 2945.72(H) and did not violate R.C. 2945.71.
 {¶ 7} Second, appellant filed a motion to dismiss the indictment against him, or, alternatively, to suppress the results of the traffic stop. R.C. 2945.72(E) operates to extend the speedy trial deadline for the period of the delay that the motion caused. State v. Robison (Sept. 11, 1997), Franklin App. No. 97APA02-183. Accord, State v. Grinnell, supra, (fn. 1) at 134 (holding that a motion to suppress and a motion to dismiss the indictment each toll the calculation of time for purposes of speedy trial time calculations).
 {¶ 8} The officers who were unavailable on the original trial date were correspondingly also unavailable to testify in the suppression hearing, which was scheduled to be heard just before trial was to begin. Appellant's motion to suppress was heard on January 8, 2003, which was the court's next available date. Thus, the operation of the speedy trial time limits was tolled for the entire period from when the motion was filed until it was heard (November 25, 2002 to January 8, 2003), because the court needed to hear from these officers before it could rule on appellant's motion to suppress their actions.
 {¶ 9} Appellant filed his motion to suppress 51 days after he was arrested. He entered his no-contest plea six days after the court ruled upon his motion. Appellant's trial court case was therefore resolved in 57 days as they are calculated pursuant to R.C. 2945.71, which is well within the 90-day parameter that applies here. Accordingly, appellant's first assignment of error is overruled.
 {¶ 10} Appellant's second assignment of error states that he was prejudiced because the field sobriety tests that were conducted did not strictly comply with established standards. However, at the hearing on appellant's motion to suppress, the trial court expressly found that there "were reasonable, articulable grounds to stop and ultimately arrest the defendant for driving under the influence, as I said, independent of the field sobriety tests administered[.]" (Jan. 8, 2003 motion hearing, Tr. at 115.) The same language appears, nearly verbatim, in the court's entry journalizing its decision.
 {¶ 11} The trial court expressly stated, both at the hearing and in its journal entry, that it did not rely on the field sobriety tests in making its determination that the police officers had probable cause to stop appellant. The trial court stated that it based its judgment on the personal testimony of Mattingly, Officer Martin, Officer Castro, and the results of a breathalyzer test that exceeded the legal limits. There is no evidentiary support anywhere in the record for appellant's claim that the trial court relied on the field sobriety tests in making its probable cause determination. Accordingly, even if the field sobriety tests were not properly administered, appellant could not have been prejudiced by them. Appellant's second assignment of error is therefore overruled.
 {¶ 12} In appellant's third assignment of error, he argues that the arresting officer did not have sufficient probable cause to do so. The evidence produced at the suppression hearing showed that appellant was first observed driving erratically by Shane Mattingly, who is a police officer in Thornville, Ohio and who was off-duty at the time he observed the appellant. Mattingly contacted the Ohio State Highway Patrol, and he was transferred to speak with the Columbus Police Department. Mattingly followed appellant for a considerable distance and provided sufficient information to the Columbus Police Department that enabled one of its officers, Greg Martin, to stop him. Mattingly went to the scene of the traffic stop and confirmed that the person Officer Martin stopped was the same person whose erratic driving Mattingly had observed.
 {¶ 13} Officer Martin testified that in addition to hearing Mattingly's observations, he independently saw appellant violate traffic laws by changing lanes erratically several times and without making a proper signal, that appellant's speech was slurred, that appellant smelled of alcohol and was swaying as he stood, and that appellant told him he had been drinking. Officer Castro testified that she noticed the strong odor of alcohol around the appellant after he was out of his vehicle.
 {¶ 14} In State v. Homan (2000), 89 Ohio St.3d 421, 427, the Supreme Court of Ohio stated:
In determining whether the police had probable cause to arrest an individual for DUI, we consider whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence. Beck v. Ohio (1964), 379 U.S. 89, 91, 85 S.Ct. 223, 225 * * *; State v. Timson (1974), 38 Ohio St.2d 122, 127 * * *. In making this determination, we will examine the "totality" of facts and circumstances surrounding the arrest. See State v. Miller (1997), 117 Ohio App.3d 750, 761,691 N.E.2d 703, 710; State v. Brandenburg (1987), 41 Ohio App.3d 109, 111
* * *.
 {¶ 15} In State v. Faykosh (Nov. 15, 2002), Lucas App. No. L-01-1244, 2002-Ohio-6241, ¶ 43, the court stated:
Moving now to appellant's second motion to suppress, we have already determined that the results of the sobriety tests should have been suppressed on the authority of State v. Homan, supra, 89 Ohio St.3d 421. However, this does not affect the ultimate outcome of appellant's case. Probable cause to arrest may be found even in the absence of admissible field sobriety tests. Homan, supra, 89 Ohio St.3d 421. Probable cause to believe a person is operating a vehicle while under the influence of alcohol arises from readily discernible indicia based upon the totality of the circumstances. State v. Gustafson (1996), 76 Ohio St.3d 425, 450
* * *. Even where field sobriety test results have been excluded for failure to comply with test guidelines, other facts may support the officer's probable cause determination. (Citations omitted.)
 {¶ 16} At the moment she arrested appellant, Officer Castro had made her personal observations of the appellant's alcohol impairment independently of any field sobriety tests that were conducted. Officer Martin told Officer Castro of his personal observations of appellant's driving and of the report he received from off-duty officer Mattingly. Officer Castro clearly had sufficient information derived from reasonably trustworthy sources of facts upon which a prudent person could believe that appellant was driving under the influence.
An appellate court's role in reviewing a trial court's determination on a motion to suppress evidence was recently set forth in State v. Venham (1994), 96 Ohio App.3d 649, 653 * * * wherein the Washington County Court of Appeals stated:
"In a hearing on a motion to suppress evidence, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate the credibility of witnesses. State v. Lewis (1992), 78 Ohio App.3d 518 * * *; State v. Warren (Aug. 12, 1991), Hocking App. No. 90CA7. Thus, the credibility of witnesses at a hearing on a motion to suppress evidence is a matter for the trial court. A reviewing court should not disturb the trial court's finding on the issue of credibility. State v. Fanning (1982), 1 Ohio St.3d 19 * * *; State v. Tutt (Apr. 14, 1986), Warren App. No. CA85-09-056. Accordingly, in our review we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. * * * State v. Shelpman (May 23, 1991), Ross App. No. 1632 * * *; State v. Simmons (Aug. 31, 1990), Washington App. No. 89CA18. * * *"
Village of New Albany v. Dalton (1995), 104 Ohio App.3d 307, 312.
 {¶ 17} As the trial court stated at the close of the suppression hearing, "[i]n this particular case, there's absolutely no question that there existed very substantial and reasonable grounds for the stopping of the defendant on a public roadway and the arresting officer's belief that the defendant had been operating a motor vehicle while under the influence of alcohol." (January 8, 2003, Tr. at 114.) We agree. Appellant's third assignment of error is not well-taken, and it is hereby overruled
 {¶ 18} Having overruled each of appellant's assignments of error, we affirm the judgment of the Franklin County Municipal Court.
Judgment affirmed.
BRYANT and WATSON, JJ., concur.
[1] "The statutory speedy trial provisions set forth in R.C. 2945.71
are coextensive with the speedy trial rights guaranteed by the United States and Ohio Constitutions." State v. Grinnell (1996),112 Ohio App.3d 124 at 130, citing State v. O'Brien (1987),34 Ohio St.3d 7.