The STATE of Ohio, Appellee,

v.

BISHOP, Appellant.

[Cite as *State v. Bishop* (1994), 95 Ohio App.3d 619.]

Court of Appeals of Ohio,
Warren County.

No. CA93–04–033.

Decided July 5, 1994.

*Timothy A. Oliver,* Warren County Prosecuting Attorney, and *Rachel A. Hutzel,* Assistant Prosecuting Attorney, for appellee.

*Fowler & Cole* and *William G. Fowler,* for appellant.

---

KOEHLER, Judge.

Defendant-appellant, Charlene Bishop, appeals a conviction in the Warren County Court for driving under the influence of alcohol.

On August 9, 1992, at approximately 10:20 p.m., Deputy Lori Jones of the Warren County Sheriff's Department observed appellant's vehicle turn off State Route 22 and travel on Salem Road at approximately ten m.p.h. The speed limit on Salem Road is forty-five m.p.h. Appellant turned onto a driveway, just clear of the roadway, and turned off the vehicle's headlights. Jones passed the vehicle while it was sitting in the driveway and noticed that it had two occupants.

Jones turned her cruiser around and proceeded back up Salem Road. She again passed appellant's vehicle, which was traveling slowly in the opposite direction. Jones decided to investigate further but, by the time she turned her cruiser around again, appellant's vehicle was no longer in sight. Jones turned into the parking lot of a bank and waited for five or more minutes. When she eventually headed south on State Route 123, Jones again saw appellant's vehicle, backing slowly off Rude Lane onto State Route 123. She noticed there was only one occupant in the car.

Jones stopped the vehicle and subsequently arrested appellant. After appellant tested .23 on a BAC Verifier test, she was charged with driving under the influence of alcohol pursuant to R.C. 4511.19(A)(3). However, appellant was not cited for any moving violation.

On October 13, 1992, appellant filed a motion to suppress the results of a breath test, arguing that the stop of her vehicle violated her Fourth Amendment rights. After a hearing, the trial court concluded that appellant's improper backing onto State Route 123 was, standing alone, a sufficient basis to support the stop. Appellant subsequently pleaded no contest and was found guilty as charged. This appeal followed.

In her sole assignment of error, appellant states the trial court erred in overruling her motion to suppress. Appellant argues that the stop of her automobile was illegal because Jones did not have a reasonable and articulable suspicion that appellant was engaging in criminal activity. Accordingly, appellant maintains that all of the evidence against her should be suppressed. We find this assignment of error to be well taken.

If there is a reasonable and articulable suspicion that an automobile or its occupants are subject to seizure for a violation of the law, stopping that automobile and detaining its occupants are reasonable under the Fourth Amendment. *Delaware v. Prouse* (1979), 440 U.S. 648, 663, 99 S.Ct. 1391, 1401, 59 L.Ed.2d 660, 673–674. The stop must be reasonable at its inception, and the police officer must be able to point to specific and articulable facts which reasonably warrant the intrusion. *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. The validity of an investigative stop is determined by looking at the totality of the surrounding circumstances. *State v. Freeman* (1980), 64 Ohio St.2d 291, 18 O.O.3d 472, 414 N.E.2d 1044, paragraph one of the syllabus, certiorari denied (1981), 454 U.S. 822, 102 S.Ct. 107, 70 L.Ed.2d 94.

Jones originally noticed appellant's vehicle because it was traveling slowly. However, she did not observe any erratic driving or weaving. Jones indicated that when she first observed appellant's vehicle she thought the driver may have been lost. Upon seeing it the second time, Jones stated she was getting "a little suspicious," though she could only give a vague idea of why she was suspicious.

The record does not show that Jones stopped appellant for a traffic offense. Instead, it supports the conclusion that the stop was pretextual. A stop is pretextual when a police officer uses a minor traffic violation as a justification to investigate a vague suspicion that a motorist might be engaging in illegal activity. *State v. Whitsell* (1990), 69 Ohio App.3d 512, 518, 591 N.E.2d 265, 269; *State v. Richardson* (1994), 94 Ohio App.3d 501, 506, 641 N.E.2d 216, 219. Jones was suspicious about the vehicle, although she herself acknowledged an innocent explanation for appellant's behavior—that appellant was lost. Jones went looking for appellant and happened to catch her backing onto the highway.

Although Jones claimed she could stop appellant for improper backing onto a state highway, she did not issue her a citation for that offense. If a police officer follows a motorist long enough, eventually the officer will observe some minor traffic violation which the officer can claim justifies an investigative stop. Jones made the decision to stop appellant long before she could point to specific and articulable facts which would have justified the stop and therefore the stop was improper. Accord *State v. Medlar* (1994), 93 Ohio App.3d 483, 638 N.E.2d 1105 (police officer used a parking violation as a ruse to wait for the driver to return and see if he committed any criminal offense).

Since the stop was pretextual, it is an unreasonable seizure prohibited by the United States Constitution, and therefore all of the fruits of the stop should have been suppressed. *United States v. Lefkowitz* (1932), 285 U.S. 452, 52 S.Ct. 420, 76 L.Ed. 877; *State v. Spencer* (1991), 75 Ohio App.3d 581, 585, 600 N.E.2d 335, 337. Accordingly, we conclude that the trial court erred in overruling

appellant's motion to suppress. We sustain appellant's assignment of error and vacate her conviction.

Conviction reversed and appellant discharged.

*Judgment accordingly.*

JONES, P.J., concurs.

WALSH, J., concurs in judgment only.