**The STATE of Ohio, Appellee,**

**v.**

**ROADEN, Appellant.**

[Cite as *State v. Roaden* (1994), 98 Ohio App.3d 500.]

Court of Appeals of Ohio,
Clermont County.

No. CA94–04–029.

Decided Nov. 14, 1994.

*Donald W. White*, Clermont County Prosecuting Attorney, and *David Henry Hoffman*, for appellee.

*R. Daniel Hannon*, Clermont County Public Defender, and *W. Stephen Haynes*, for appellant.

KOEHLER, Judge.

Defendant-appellant, Kirk Douglas Roaden, appeals a conviction in the Clermont County Court of Common Pleas for drug abuse.

On September 14, 1993, at approximately 6:00 p.m., Officer Tony Kuhnell of the Goshen Township Police Department received a complaint that a car with license plates registered in appellant's name was speeding. Kuhnell knew appellant from a previous arrest and learned appellant's address by using his license plate number. After unsuccessfully spending approximately two hours trying to catch appellant with stationary radar, Kuhnell decided to visit appellant at his residence in Fay Gardens Mobile Home Park to give appellant a "courtesy warning" about speeding.

Upon arriving at the mobile home park, Kuhnell found appellant's automobile parked in a driveway leading to a vacant mobile home next door to appellant's residence. Kuhnell walked up the driveway past the driver's side window of appellant's car, peered inside, and saw eight hand-rolled cigarettes, which he believed to contain marijuana, in an ashtray. Near the ashtray was a pair of scissors which, in Kuhnell's experience, can be used to cut the ends of marijuana cigarettes.

Kuhnell then went next door to appellant's residence to warn him about speeding and to issue a minor misdemeanor citation for possession of marijuana. When appellant came to the door, Kuhnell asked appellant to step outside. Kuhnell warned appellant about speeding and then asked appellant to step over to the car so he could issue the citation.

Kuhnell then searched appellant's car and found some loose marijuana and a homemade marijuana pipe in the glove box. Kuhnell arrested appellant for possession of drug paraphernalia and conducted a pat-down search of his person. After hearing the sound of cellophane crinkling, Kuhnell reached into appellant's pocket and pulled out five small stamps. He asked appellant if they contained LSD and appellant replied that they did.

On October 13, 1993, appellant was indicted for drug abuse pursuant to R.C. 2925.11 based upon his possession of LSD. Appellant filed a motion to suppress any evidence obtained from the search of his automobile. After the trial court overruled his motion, appellant entered a plea of no contest and was found guilty. This appeal followed.

In his sole assignment of error, appellant states that the trial court erred by overruling his motion to suppress. Appellant argues that the officer's initial intrusion onto private property to look into his car and the subsequent search of the car were illegal. We find this assignment of error to be well taken.

■ Pretextual searches and seizures are significant intrusions on an individual's liberty and violate the Fourth Amendment. *United States v. Lefkowitz* (1932), 285 U.S. 452, 467, 52 S.Ct. 420, 424, 76 L.Ed. 877, 883; *State v. Richardson* (1994), 94 Ohio App.3d 501, 506, 641 N.E.2d 216, 219. A pretextual search refers to an exploratory search for evidence that is not related to the offense upon which the initial intrusion is supposedly based. *State v. Whitsell* (1990), 69 Ohio App.3d 512, 518, 591 N.E.2d 265, 269. "[T]he pretext arises out of the fact that the evidence is found in a search which would not have occurred at all but for the manipulation of circumstances and events by the police because of their desire to conduct a search which could not otherwise be lawfully made." *Id.*, quoting 2 LaFave, Search and Seizure (2d Ed.1987) 141, Section 7.5(e).

■ The test for a pretextual search is not whether the officer could have validly conducted the search but whether, under the same circumstances, a reasonable officer would have conducted the search without the invalid purpose. *State v. Spencer* (1991), 75 Ohio App.3d 581, 585, 600 N.E.2d 335, 337, quoting *United States v. Smith* (C.A.11, 1986), 799 F.2d 704, 709; *Whitsell, supra,* 69 Ohio App.3d at 523, 591 N.E.2d at 272; *Richardson, supra,* 94 Ohio App.3d at 508–509, 641 N.E.2d at 220–221. If a search is pretextual, it is prohibited by the U.S. Constitution and all of the fruits of the search should be suppressed. *Spencer, supra,* 75 Ohio App.3d at 585, 600 N.E.2d at 337; *State v. Bishop* (1994), 95 Ohio App.3d 619, 622–623, 643 N.E.2d 170, 172.

■ In the present case, Kuhnell did not have probable cause or even a reasonable suspicion sufficient to justify intruding on private property and looking into appellant's car. Kuhnell simply had no reason to be in a position to look into appellant's vehicle. We do not believe that spending two hours looking for a speeder and going out of the way to give a warning about speeding are actions a reasonable officer would take without an invalid purpose. Instead, we think it clear that Kuhnell manipulated events to conduct a search that could not otherwise be made and therefore his reason for being on the property and looking into appellant's vehicle was pretextual.

■ The state claims that the items in appellant's car were in plain view and that appellant has no standing to challenge the search of his car since it was parked in a driveway in which he did not have a possessory interest. However, the plain-view doctrine requires that the initial intrusion that brought the police into a position to view the object must have been lawful. *Texas v. Brown* (1983), 460 U.S. 730, 737–739, 103 S.Ct. 1535, 1540–1541, 75 L.Ed.2d 502, 510–512; *State v. Taub* (1988), 47 Ohio App.3d 5, 6–7, 547 N.E.2d 360, 361–363. " '[P]lain view' provides grounds for seizure of an item when an officer's access to an object has some prior justification under the Fourth Amendment." *Brown, supra,* 460 U.S.

at 738, 103 S.Ct. at 1541, 75 L.Ed.2d at 511.   Plain view alone is never enough to justify the warrantless seizure of evidence.   *Coolidge v. New Hampshire* (1971), 403 U.S. 443, 468, 91 S.Ct. 2022, 2039, 29 L.Ed.2d 564, 584;  *State v. Martin* (Feb. 9, 1983), Clermont App. No. 1161, unreported, at 6, 1983 WL 4284.   Therefore, a pretextual intrusion upon private property cannot be used to justify finding items in plain view.   See *Brown, supra*, 460 U.S. at 743, 103 S.Ct. at 1544, 75 L.Ed.2d at 514.

■   The state also contends that the warrantless search of appellant's car was justified under the automobile exception to the warrant requirement.   Under this exception, a police officer may search a vehicle stopped on the highway without a warrant if the officer has probable cause to believe the vehicle contains contraband.   *Carroll v. United States* (1925), 267 U.S. 132, 149, 45 S.Ct. 280, 283–284, 69 L.Ed. 543, 549;  *State v. Sprague* (Apr. 17, 1989), Clermont App. Nos. CA88–05–037 and CA88–06–049, unreported, at 7, 1989 WL 36301.   The rationale behind the automobile exception is the exigency created by the inherent mobility of and the lessened expectation of privacy in an automobile.   *California v. Carney* (1985), 471 U.S. 386, 390–391, 105 S.Ct. 2066, 2068–2069, 85 L.Ed.2d 406, 412–413.   Nevertheless, "[t]he word 'automobile' is not a talisman in whose presence the Fourth Amendment fades away and disappears."   *Coolidge, supra*, 403 U.S. at 461–62, 91 S.Ct. at 2035, 29 L.Ed.2d at 580. ° Neither *Carroll* nor other U.S. Supreme Court cases suggest that "in every conceivable circumstance the search of an auto even with probable cause may be made without the extra protection for privacy that a warrant affords."   *Chambers v. Maroney* (1970), 399 U.S. 42, 50, 90 S.Ct. 1975, 1981, 26 L.Ed.2d 419, 428.

■   The Supreme Court has distinguished the warrantless seizure of an automobile from a public place from a warrantless seizure which required an entry onto private property.   *Cardwell v. Lewis* (1974), 417 U.S. 583, 593, 94 S.Ct. 2464, 2471, 41 L.Ed.2d 325, 336 (plurality);  *Sprague, supra*, at 9.   See, also, *Coolidge, supra*, 403 U.S. at 460–462, 91 S.Ct. at 2035–2036, 29 L.Ed.2d at 579–580.   In *Carney, supra*, the Supreme Court stated that the justification for the automobile exception comes into play when "a vehicle is being used on the highways, or if it is readily capable of such use and is found stationary in a place not regularly used for residential purposes * * *."   *Id.*, 471 U.S. at 393, 105 S.Ct. at 2070, 85 L.Ed.2d at 414;  *Sprague, supra*, at 9.   Thus, case law supports the conclusion that, absent exigent circumstances, the automobile exception does not apply to the warrantless search or seizure of an automobile from the driveway of a private residence.   *Sprague, supra*, at 9.

We find that the search of appellant's vehicle was pretextual and violated his Fourth Amendment rights.   Since Kuhnell's initial intrusion onto private property to view the inside of appellant's vehicle was improper, any evidence obtained

after that point must be suppressed as "fruit of the poisonous tree." Accordingly, we find that the trial court erred in overruling appellant's motion to suppress, and we sustain appellant's sole assignment of error.

*Judgment reversed*
*and appellant discharged.*

JONES, P.J., and WALSH, J., concur.