OPINION
{¶ 1} Willard Smith ("appellant") appeals the decision of the Warren Municipal Court. In that decision, the trial court found appellant guilty of speeding, a violation of Warren City Ordinance 333.03, and also assessed court costs against appellant. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} The following facts were testified to at trial. On January 10, 2002, shortly after midnight, appellant was pulled over by a marked Warren City Police cruiser on Parkman Road and given a ticket for speeding. Prior to the stop, the record indicates that appellant, along with another vehicle, was observed by Warren Police Officer Webber leaving the parking lot of a closed building. Taking into consideration the time of day, and the location of the business, Officer Webber decided that the drivers of the two vehicles should be stopped and questioned as to their activities. In doing so, Officer Webber enlisted the help of Officer Harrell. The record indicates that Officer Harrell was the officer responsible for tracking down appellant. As Officer Harrell followed appellant's vehicle on Parkman Road, it is uncontroverted that he "paced" the speed of appellant's vehicle at 54 miles per hour within a 35 miles per hour zone. Officer Harrell then initiated a stop of appellant's vehicle and issued appellant a citation for speeding. This timely appeal followed. Appellant, pro se, asserts one assignment of error for our review:
 {¶ 3} "[1.] The weight of the evidence presented in this case support [sic] a finding in the trial court that the January 10, 2002 stop of the defendant-appellant was a pretextual stop and unreasonable under the Fourth Amendment to the Constitution of the United States."
 {¶ 4} In reviewing a manifest weight of the evidence claim, the appellate court "reviews the entire record, weighs the evidence and allreasonable inferences, considers the credibility of witnesses anddetermines whether in resolving conflicts in the evidence, the trier offact clearly lost its way and created such a manifest miscarriage ofjustice that the conviction must be reversed and a new trial ordered."State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52; State v.Swank, 11th Dist. No. 98-L-049, 2001-Ohio-8833, 2001 Ohio App. LEXIS 5846. The discretionary power to grant a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id. Furthermore, the "weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 5} Appellant's primary argument focuses on the fact that Officer Harrell was initially going to stop and question appellant as to his early morning activities, not for speeding, and as a result, the stop was pretextual and unreasonable. We disagree with appellant.
 {¶ 6} In support of his argument, appellant attempts to direct this court to State v. Bishop (1994), 95 Ohio App.3d 619, and State v.French (1995), 104 Ohio App.3d 740, for the proposition that "when a police officer make [sic] the decision to make a [sic] investigative stop long before he observes specific and articulable facts to justify the stop the stop is pretextual." While appellant is correct in his interpretation of Bishop and French, those holdings were expressly rejected by the Supreme Court of Ohio in Dayton v. Erickson,76 Ohio St.3d 3, 1996-Ohio-431.
 {¶ 7} In its rejection of Bishop and French, the Supreme Court of Ohio held that "where a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States Constitution even if the officer had some ulterior motive for making the stop, such as a suspicion that the violator was engaging in more nefarious criminal activity." Erickson, supra, syllabus; State v.Benson, 11th Dist. No. 2001-P-0086, 2002-Ohio-6942, 2002 Ohio App. LEXIS 6668; State v. Burrows, 11th Dist. No. 2000-T-0089, 2002-Ohio-1961, 2002 Ohio App. LEXIS 1918. Furthermore, this court has held that any traffic violation, even a minor traffic violation, witnessed by a police officer is, standing alone, sufficient grounds to stop the vehicle observed violating the ordinance. State v. Molk, 11th Dist. No. 2001-L-146,2002-Ohio-6926, 2002 Ohio App. LEXIS 6661.
 {¶ 8} The record indicates that during the course of Officer Harrell's attempt to pull appellant over for questioning, he observed appellant as appellant was engaged in the act of speeding, a violation of Warren City Ordinance 333.03. As a result, appellant was subsequently issued a citation for speeding. Curiously, at the trial court level, and now before this court, appellant has never denied the fact that he was speeding at the time he was pulled over by Officer Harrell. Thus, Officer Harrell's testimony that he properly "paced" appellant's speeding vehicle with a "properly calibrated speedometer" is uncontroverted and uncontested.
 {¶ 9} If the facts known to an officer at the time of the stop are sufficient to constitute probable cause to believe that a traffic violation occurred, a reviewing court may not look at an officer's ordinary routine, or his conduct or conversations that occurred before or after the stop to invalidate the stop as pretextual. Erickson, supra, at *10. Therefore, although appellant would have this court examine the "ulterior motive" of the officers involved, the fact that appellant committed a traffic violation, namely speeding, prevents us from doing so.
 {¶ 10} The record in this case clearly indicates that Officer Harrell determined appellant was speeding prior to stopping appellant's vehicle. As a result, Officer Harrell had probable cause to stop appellant. Erickson, supra. Additionally, appellant offers no evidence to the contrary with regards to the actual speeding violation. Based on the above, we hold that Officer Harrell's stop and subsequent citing of appellant for speeding did not violate appellant's Fourth Amendment rights. Appellant's sole assignment of error is without merit. The decision of the Warren Municipal Court is hereby affirmed.
Judgment affirmed.
DONALD R. FORD, P.J., and JUDITH A. CHRISTLEY, J., concur.