**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**November 6, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FRANCISCO MARCOS
ECHEVERRIA,

Defendant - Appellant.

No. 05-4256

(D. Utah)

(D.C. No. 2:04-CR-136-DB)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BEAM**,[**] and **HARTZ**, Circuit Judges.

---

Francisco Marcos Echeverria pleaded guilty in the United States District

Court for the District of Utah to a charge of possession of methamphetamine with

intent to distribute, *see* 21 U.S.C. § 841(a)(1). The plea was a conditional plea

under Fed. R. Cr. P. 11(a)(2); he reserved the right to appeal the denial of his

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]The Honorable C. Arlen Beam, Senior Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation.

motion to suppress the evidence seized from his motor vehicle. On appeal he challenges that denial. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

I.    BACKGROUND

Viewing the evidence in the light most favorable to the district court's ruling, *see United States v. Lopez*, 437 F.3d 1059, 1062 (10th Cir. 2006), we summarize the pertinent events as follows: On October 22, 2002, Detective Rudy Chacon of the Salt Lake City Sheriff's Office assisted agents of the Utah Department of Adult Parole and Probation (AP & P) in arresting Ms. Kara Echeverria. A search of Ms. Echeverria's person revealed a firearm and narcotics. Detective Chacon asked her whether she knew of anyone else who possessed like items. Ms. Echeverria responded that her husband possessed both a firearm and drugs and usually kept them in his car. She said that he was home at that time and described the car as a silver or gray Honda Civic. At Chacon's request, other officers conducted surveillance on the home until he arrived. They saw a vehicle leave the home and attempted to follow it, but lost it and returned to the home.

When Detective Chacon arrived at the Echeverria home, the officers knocked on the main door but received no answer. They then saw that the side door was open and knocked on it, but again they heard no response. While at the side door Chacon noticed a silver Honda Civic parked toward the rear of the home, in a driveway that looped into the backyard. He walked around the vehicle and saw on the floor of the backseat a gun barrel protruding from under a jacket.

With this corroboration of Ms. Echeverria's statement, he searched the Honda, finding methamphetamine, cocaine, and $6,888 in cash.

Mr. Echeverria was indicted on three counts: one relating to the methamphetamine, one relating to the cocaine, and one charging that he had carried a firearm in connection with a drug offense. He moved to suppress the evidence. After the motion was denied, he pleaded guilty to Count I of the indictment but reserved his right to appeal the suppression ruling.

## II. DISCUSSION

"When reviewing the denial of a motion to suppress, we view the evidence in the light most favorable to the government, accept the district court's findings of fact unless clearly erroneous, and review de novo the ultimate determination of reasonableness under the Fourth Amendment." *United States v. Apperson*, 441 F.3d 1162, 1184 (10th Cir. 2006) (internal quotation marks omitted).

### A. Warrant Requirement

Mr. Echeverria contends that because he was neither in nor near his car and because the car was parked at his home, the officers needed a warrant to search the car. But these facts are irrelevant. Unless a vehicle is being used as a residence at a "place regularly used for residential purposes," *California v. Carney*, 471 U.S. 386, 392 (1985); *see United States v. Ludwig*, 10 F.3d 1523, 1529 (10th Cir. 1993), officers with probable cause can search it without a

warrant if it is "readily mobile." *Maryland v. Dyson*, 527 U.S. 465, 467 (1999) (quoting *Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996)).

Mr. Echeverria does not claim that he was living in the Honda or that it had mechanical or other difficulties that would have made it impossible to drive at the time of the search. His only argument on this point is that his car was rendered immobile because five police officers controlled the area around the vehicle and he was not present. We disagree. "[T]he justification to conduct . . . a warrantless search does not . . . depend upon a reviewing court's assessment of the likelihood in each particular case that the car would have been driven away . . . ." *Michigan v. Thomas*, 458 U.S. 259, 261 (1982). Whether a vehicle's mobility "has been or could be obstructed by the police" is immaterial. *United States v. Mercado*, 307 F.3d 1226, 1229 (10th Cir. 2002) (internal quotation marks omitted).

Mr. Echeverria also claims that a warrant was required because his car was within the curtilage of his home. But regardless of the merits of the legal basis for his contention, he has failed to establish its factual predicate. It is his burden to present evidence that the car was within the curtilage. *See United States v. Cavely*, 318 F.3d 987, 993-94 (10th Cir. 2003). Curtilage does not include all the area that surrounds a house; it is only "the area [that] harbors the intimate activity associated with the sanctity of a man's home and the privacies of life." *United States v. Dunn*, 480 U.S. 294, 300 (1987) (internal quotation marks omitted).

That area does not include an unobstructed driveway beside a house. *See United States v. Cousins*, 455 F.3d 1116, 1123-24 (10th Cir. 2006) (describing test for determining whether area is within curtilage).

Mr. Echverria cites two state-court decisions for the proposition that a warrant is needed to search a vehicle parked on private property: *State v. Lejeune*, 576 S.E.2d 888 (Ga. 2003), and *State v. Roaden*, 648 N.E.2d 916 (Ohio Ct. App. 1994). Neither persuades us to depart from contrary binding precedent.

**B.    Probable Cause**

Mr. Echeverria next argues that Detective Chacon lacked probable cause to search his vehicle. He points to several reasons not to rely on Ms. Echeverria's statements to the police: (1) she stated that she did not want drugs in their home, so it is uncertain how she would know about drugs in the vehicle; (2) she said only that drugs were "usually" in the vehicle; (3) the officers had no license number or other specific description of the Honda; (4) the officers had no reason to believe she was credible; (5) the information corroborated by the officers' observations was not in itself incriminating; and (6) at least part of her information was incorrect.

Probable cause exists when there is a "fair probability" that contraband is in the car to be searched. *United States v. Stephenson*, 452 F.3d 1173, 1177 (10th Cir. 2006). Probable cause is a "commonsense, nontechnical conception[] that deal[s] with the factual and practical considerations of everyday life on which

reasonable and prudent men, not legal technicians, act." *Ornelas v. United States*, 517 U.S. 690, 695 (1996) (internal quotation marks omitted). An informant's veracity, reliability, and basis of knowledge are all relevant factors. *See Illinois v. Gates*, 462 U.S. 213, 230 (1983). But none is dispositive. As we have said:

> [A] deficiency in one factor may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability. Specifically, when there is sufficient independent corroboration of an informant's information, there is no need to establish the veracity of the informant.

*United States v. Artez*, 389 F.3d 1106, 1111 (10th Cir. 2004) (internal citations, quotation marks, and brackets omitted).

By this standard, we believe there was probable cause. Three of Mr. Echeverria's reasons not to rely on his wife's statement have little merit. First, contrary to Mr. Echeverria's argument on this point, one can presume as a matter of commonsense that a wife likely knows the intimate details of the life of the husband with whom she resides. Second, because "probable" cause is not a certainty, it is enough that the witness says what "usually" can be found. Third, the Honda was more than adequately identified; the presence of another identically colored Honda at the residence was hardly likely.

There is greater merit to Mr. Echeverria's contention that the officers had insufficient reason to believe that his wife was credible. There was no evidence of a prior relationship between her and any of the officers from which they could have measured her veracity. On the other hand, there was no reason to believe

that she was hostile to Mr. Echeverria; indeed, apparently they were living in the same home. We also believe that her involvement with drugs made it more likely that he had a similar involvement.

Under these circumstances, not much corroboration of her account would be required. In our view, it was enough that she accurately reported where the described vehicle would be and that there would be a gun inside it. She may have been mistaken in saying that Mr. Echeverria was home at the time, because the officers did not find him there. But the explanation for this "error" may well have been that he was the person seen driving off before Detective Chacon arrived at the home. Although this is a close case, we affirm the district court's determination of probable cause.

## III. CONCLUSION

We AFFIRM the judgment of the district court.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge