DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the Sandusky County Court, No. 2, where appellant, Jodi Stone, was found guilty of first-degree misdemeanor theft, in violation of R.C. 2913.02(A). For the reasons that follow, we affirm her conviction.
 {¶ 2} On March 17, 2005, an informant passed information to the Woodville police that two individuals would arrive the following day at an antique store to shoplift. The informant gave detailed descriptions of a male and a female. *Page 2 
 {¶ 3} The next day, the Woodville police chief organized a "stakeout" of the antique store that involved five police officers. The chief positioned one officer in the attic of the store. The attic was open to the rest of the store. Steel beams ran across the building. The officer lay on his stomach on one of the beams and communicated to the chief by radio. The chief and another officer were in a building across the street. A fourth officer was outside a building adjacent to the chief. The fifth officer was in a police cruiser a short distance from the antique store.
 {¶ 4} According to the officer in the rafters, shortly past noon, two individuals matching the description provided by the informant parked in front of the store and entered. The officer later identified the woman as appellant. The couple spoke to a store employee. While the man continued to speak with the employee, the officer observed appellant pick up a vase and put it in her jacket. She then walked around the store for a few more minutes before leaving. At this time, the officer notified the chief by radio that appellant was leaving the store.
 {¶ 5} The chief testified that he saw appellant leave the store and open the driver side door. Approximately 30 to 45 seconds later, appellant closed the door and smoked a cigarette before going back into the store.
 {¶ 6} After appellant reentered the store and briefly talked to the employee, she went to a glass case which contained coins and knelt down. The officer in the rafters testified that appellant did a hand gesture as if she was reaching into the case. He did not get a clear view because her back was to him. Then, appellant left the store again. *Page 3 
 {¶ 7} The chief testified that appellant walked to the back door of the passenger side and opened the door. She was there between 45 seconds to two minutes before shutting the door.
 {¶ 8} Appellant reentered the store and walked around. The officer testified that while both suspects were under the officer in the attic, and no one else in the area, he heard a female voice say, "Something doesn't feel right; we need to leave."
 {¶ 9} As the two began to drive away, the officer in the patrol car stopped the vehicle. The chief arrived a short time later and put the male suspect in a patrol car. He then instructed appellant to get out of the car and read her rights pursuant to Miranda v. Arizona (1966),384 U.S. 436, 460-461. The chief testified that he told appellant that the officer in the attic had observed her steal some objects. He asked her if he could search her car. She responded, "Go ahead" and handed the officer her coat and purse.
 {¶ 10} Police found a vase in the back seat matching the description of the vase that the officer in the attic described appellant take. According to the chief, when he told appellant that he found the vase, she stated, "I took it." The chief went back to appellant's car and, after looking through some items, found coins. Later, police found two additional coins in appellant's purse. Two venders were contacted and asked to identify their vase and coins. The vendors identified the vase and coins as theirs, and stated that the items had not been sold.
 {¶ 11} Appellant was arrested and charged with theft. She pled not guilty and moved to suppress her statement of "I took it." The court denied the motion. The matter *Page 4 
proceeded to a jury trial, following which appellant was found guilty. The trial court entered a judgment of conviction on the verdict, sentenced appellant to 180 days in jail and fined her $1,000 dollars. The court suspended 90 days of the jail time and one-half of the fine. Appellant was placed on probation for 24 months and was required to complete a theft diversion program.
 {¶ 12} Appellant now appeals from the judgment of conviction, setting forth the following three assignments of error:
 {¶ 13} "I. The trial court erred in failing to suppress evidence of any statements made by appellant, which have been characterized as confessions by the police chief [sic], said statements alleged to have been made prior to any indication of appellant being advised of her Constitutional or Miranda Rights.
 {¶ 14} "II. The decision of the jury was against the manifest weight of the evidence.
 {¶ 15} "III. The trial court erred in failing to follow the statutory guidelines set forth in O.R.C. § 2929.22 when sentencing appellant."
 I. Motion to Suppress {¶ 16} In her first assignment of error, appellant asserts that the trial court erred in denying her motion to suppress because she was not properly read her Miranda rights or, alternatively, the stop of her vehicle was without probable cause. *Page 5 
 {¶ 17} In Miranda v. Arizona (1966), 384 U.S. 436, the United States Supreme Court articulated standards to inform a defendant of his or her Fifth Amendment rights and protections while in police custody. To meet this requirement, the suspect must understand by clear and unequivocal terms that he or she has the right to remain silent. Id. at 467-468.
 {¶ 18} A statement obtained in violation of Miranda is subject to suppression. To avoid suppression, the state must prove by a preponderance of the evidence that the statement was made pursuant toMiranda. Lego v. Twomey (1972), 404 U.S. 477, 488.
 {¶ 19} When weighing the evidence, the trial court has the best ability to decide the truthfulness and credibility of a witness and their testimony. State v. Mills (1992), 62 Ohio St.3d 357, 366. The trial court can "* * * view the witnesses and observe their demeanor, gestures and voice inflictions, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal Co. v.Cleveland (1984), 10 Ohio St. 3d 77, 80. It is for these reasons that the trial court assumes the role of the trier of fact and is, therefore, in the best position to resolve factual questions. Mills at 366. Consequently, in its review an appellate court must accept the trial court's finding of fact if they are supported by competent, credible evidence. State v. Guysinger (1993), 86 Ohio App.3d 592, 594.
 {¶ 20} At the hearing on the motion to suppress, the police chief testified that he read appellant her rights after she was pulled over. This testimony, if believed, is *Page 6 
competent, credible evidence by which the trial court could have found that appellant's Miranda rights were observed.
 {¶ 21} Appellant also contends that there was no probable cause to stop appellant's vehicle. She cites State v. Bishop (1994),95 Ohio App.3d 619, in support of this argument.
 {¶ 22} Bishop concerned pretextual stops, which were defined as occuring, "* * * when a police officer uses a minor traffic violation as a justification to investigate a vague suspicion that a motorist must be engaging in illegal activity." Id. at 622. The Bishop court found such stops were unlawful seizures.
 {¶ 23} In 1996, Bishop was specifically overruled by Dayton v.Erickson (1996), 76 Ohio St.3d 3, which held that if an officer "* * * has probable cause to stop a motorist for any criminal violation, * * * the stop is constitutionally valid regardless of the officer's underlying subjective intent or motivation for stopping the vehicle in question." Id. at 12-13. (Emphasis added). Probable cause is "* * * defined in terms of facts and circumstances `sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.'" Gerstein v. Pugh (1975), 420 U.S. 103, 111-112, quoting Beck v. Ohio (1964), 379 U.S. 89, 91.
 {¶ 24} In the present case, appellant's car was pulled over because an officer saw her take a vase and coins out of a store. The officers had probable cause to believe that appellant had committed a criminal offense: theft. Accordingly, appellant's first assignment of error is not well taken. *Page 7 
 II. Manifest Weight of the Evidence. {¶ 25} In her second assignment of error, appellant asserts that her conviction was against the manifest weight of the evidence.
 {¶ 26} In a criminal context, a verdict or finding may be overturned on appeal if it is either against the manifest weight of the evidence or because there is an insufficiency of evidence. In the former, the appeals court acts as a "thirteenth juror" to determine whether the trier of fact lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered.State v. Thompkins (1997), 78 Ohio St.3d 380, 387. In the latter, the court must determine whether the evidence submitted is legally sufficient to support all of the elements of the offense charged. Id. at 386-387. Specifically, we must determine whether the state has presented evidence, which, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The test is, viewing the evidence in a light most favorable to the prosecution, could any rational trier of fact have found the essential elements of the crime proven beyond a reasonable doubt. Id. at 390 (Cook, J., concurring);State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. See, also, State v. Eley (1978), 56 Ohio St.2d 169; State v. Barns
(1986), 25 Ohio St.3d 203.
 {¶ 27} R.C. 2913.02(A) states, "No person, with purpose to deprive the owner or services, shall knowingly obtain or exert control over either the property or services * * * without the consent of the owner or person authorized to give consent." *Page 8 
 {¶ 28} The officer in the attic saw appellant put a vase in her jacket and subsequently exit the store without putting the vase down. The police chief saw appellant open the car door. Later, the chief found the vase in her car. The owner of this property testified that appellant had not been authorized to take it. This is evidence by which, if believed, the jury could find beyond a reasonable doubt that appellant had knowledge and exercised control over the property without consent from the owners. Accordingly, appellant's conviction was premised on sufficient evidence and is not against the manifest weight of the evidence. Appellant's second assignment of error is not well taken.
 III. Sentencing {¶ 29} In her remaining assignment of error, appellant argues that the trial court failed to follow statutory guidelines when sentencing appellant.
 {¶ 30} A trial court must implement a sentence that fulfills the two missions of misdemeanor sentencing, which are to protect the public from future crimes and punish the offender. R.C. 2929.21(A); R.C. 2929.22(A). The court has the ability to impose any available sanction or a combination of the sanctions. R.C. 2929.22(A). When imposing a misdemeanor sentence, the trial court must consider the factors set out in R.C. 2929.22 (B)(1)(a)-(e), and failure to do so constitutes an abuse of discretion. R.C. 2929(B)(1); State v. Wagner (1992),80 Ohio App.3d 88, 95-96. If the sentence imposed is within permissible statutory limits, absent a showing to the contrary, a reviewing court will presume that the trial court considered the sentencing factors in R.C.2929.22(B). State v. Johnson, 164 Ohio App.3d 792, 2005-Ohio-6826, ¶ 9.
PGPage 9
 {¶ 31} The statutory guidelines for a conviction of a first-degree misdemeanor state that the court may not impose jail time in excess of 180 days or fine the defendant in excess of $1,000 dollars. R.C.2929.24(A)(1); R.C. 2929.28(A)(2)(a)(i).
 {¶ 32} Because the trial court acted within the statutory limits and implemented the sentencing factors accordingly, we affirm the lower court's decision and find appellant's third assignment of error is not well taken.
 {¶ 33} On consideration whereof, the judgment of Sandusky County Court, No. 2, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerks' expense incurred in preparation for the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1